Mary E. Bacon, Esq. (NV Bar No. 12686)
Jessica E. Chong, Esq. (NV Bar No. 13845)
**SPENCER FANE LLP**
300 S. Fourth Street, Suite 950
Las Vegas, Nevada 89101
Telephone: 702.408.3400
Facsimile: 702.938.8648
Email: mbacon@spencerfane.com

*Attorneys for USAA General Indemnity Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| **ROBERT EARL SPEARS, JR.,** an individual; and **GUILLERMO LORENZO OLVERA**, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>**USAA GENERAL INDEMNITY COMPANY** an unincorporated entity and/or a reciprocal insurance exchange with members residing in the State of Nevada; DOES 1 through 10, and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants, | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT USAA GENERAL INDEMNITY COMPANY PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441(b)** |

**TO: THE CLERK OF THE COURT; ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendant USAA General Indemnity Company ("USAA GIC" or "Defendant"), hereby gives notice of removal of the above-entitled action from the Second Judicial District Court of Washoe County, Nevada, Case No. CV23-00994, to the United States District Court for the District of Nevada and further states as follows:

## I. STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity of

citizenship and removal is therefore proper under 28 U.S.C. § 1441(b) as there is complete diversity between the parties and the matter in controversy exceeds $75,000.00.

## II. THE REMOVED CASE

The removed case is a civil action and was originally filed on June 7, 2023, in the Second Judicial District Court of Nevada, Washoe County, having been assigned Civil Case No. CV23-00994, captioned: "*Robert Earl Spears, Jr., an individual; and Guillermo Lorenzo Olvera, an individual v. USAA General Indemnity Company, an incorporated entity and/or a reciprocal insurance exchange with members residing in the State of Nevada*; DOES 1 through 10, and ROE CORPORATIONS 1 through 20, inclusive" A copy of Plaintiffs' Complaint is attached hereto as **Exhibit "A."**

Plaintiffs allege in the removed case that they were in an automobile accident and sustained injuries. Complaint at ¶¶ 10-12. They allege that they are entitled to benefits under a USAA GIC policy, owned by James Thomas O'Connor; that policy provides coverage for up to $25,000 per person in underinsured/uninsured motorist benefits. *Id.* at ¶7; **Exhibit "B**," Policy Declaration Page. Plaintiffs have requested general and emotional damages, statutory damages, medical expenses, other special damages, interest pursuant to NRS 99.040, and punitive damages. Prayer for Relief at ¶¶ 1-3.

A copy of all processes USAA GIC received are attached as Exhibit A. A copy of all pleadings and orders in the removed case are attached as **Exhibit "C"** hereto, as required by 28 U.S.C. § 1446(a).

## III. REMOVAL IS TIMELY

This action was commenced against USAA General Indemnity Company ("USAA GIC") on June 7, 2023. Exhibit A, Complaint at p.1. The Summons and Complaint was served upon USAA GIC through the Nevada Division of Insurance on August 31, 2023. *See* Exhibit A. No other service has been effectuated.

This removal is filed within 30 days of receipt of the Complaint by Defendant.

## IV. VENUE REQUIREMENT IS MET

Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States

Court of the District and Division embracing the place where the State Court action is pending.

**V. DIVERSITY OF CITIZENSHIP EXISTS**

This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiffs allege the occurrence giving rise to this case took place in the County of Washoe, State of Nevada. Complaint at ¶ 6. Defendant, USAA GIC, is a Texas corporation with its principal place of business in the State of Texas. ECF. 2 (Corporate Disclosure Statement).

**VI. THE AMOUNT IN CONTROVERSY**

A notice of removal need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and evidence supporting the removal is required "only when the plaintiff contests, or the court questions, the defendant's allegations."[1] "When a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*[2] ("[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy").

The court may consider "'evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy."'[3] A court also has discretion to consider a plaintiff's formal judicial

[1] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).
[2] *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)
[3] *Mejia v. DHL Express (USA), Inc.*, No. 15-cv-890-GHK (JCx), 2015 WL 2452755, at *1 (C.D. Cal. May 21, 2015) (King, C.J.) (*quoting Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

admission that the amount in controversy is met.[4]

Additionally, The Ninth Circuit has found a 1:1 ratio for punitive damages to economic damages and a 12% conservative estimate of economic damages for attorney's fees are fairly included in a defendant's removal calculation. *See Guglielmino v. McKee Foods Corp.*,[5] ("when (1) economic damages were accounted for, (2) attorneys' fees (measured by a 'conservative' estimate of 12.5% of economic damages) were added, and (3) punitive damages ('conservatively estimated' at a 1:1 ratio to economic damages) were added, the district court determined that the amount in controversy for both plaintiffs was in excess of the jurisdictional threshold.").

The Complaint, when viewed in its totality and based on the evidence submitted by Plaintiffs, the claims asserted in their Complaint exceed the jurisdictional threshold of $75,000.00.

Here, Plaintiffs allege they were passengers in a vehicle involved in a motor vehicle collision, wherein they suffered injuries as a result of the negligence by a non-party (at fault) driver. Complaint at ¶¶ 7-10. The at-fault driver did not have sufficient insurance coverage to compensate Plaintiffs for their injuries. *Id.* at ¶ 13. Plaintiff Robert Earl Spears Jr. alleges substantial medical expenses as a result of the collision. **Exhibit "D,"** Demand Letter to USAA GIC. Plaintiff Robert Earl Spears Jr. has demanded $32,739.55 in past medical damages. *Id.* Plaintiff Guillermo Lorenzo Olvera alleges substantial medical expenses as a result of the collision. Exhibit E, Demand Letter to USAA GIC. Plaintiff Guillermo Lorenzo Olvera has demanded $30,792.55 in past medical damages. **Exhibit "E,"** Demand Letter to USAA GIC. Based on their Complaint, Plaintiffs are seeking no less than their past medical specials, interest pursuant to NRS 99.040, punitive damages, and attorneys' fees.

Punitive damages are contemplated by statute where an insurer is found to have acted in bad faith. Nev. Rev. Stat. Ann. § 42.005 ("[t]he limitations on the amount of an

---

[4] *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).
[5] 506 F.3d 696, 698 (9th Cir. 2007)

award of exemplary or punitive damages prescribed in subsection 1 do not apply to an action brought against ... [a]n insurer who acts in bad faith regarding its obligations to provide insurance coverage"); NRS 686A.

Applying a 1:1 ratio for economic damages sought, USAA GIC is allowed to include an additional $32,739.55 for Plaintiff Spears and $30,792.55 for Plaintiff Olvera towards the jurisdictional limit due to Plaintiffs' bad faith and Unfair Claims Practices Act allegations and request for punitive damages. Accordingly, the "compensatory damages [and] punitive damages alone would 'in all likelihood' exceed $75,000." *Id.* at 675 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).

When combining Plaintiff Spears' claims for medical specials ($32,739.55), bad faith and Unfair Claims Practices Act causes of action, and her claim for punitive damages ($32,739.55),[6] interest pursuant to NRS 99.040, as requested by Plaintiff, ($10,000.00[7]), and attorneys' fees of 12.5% ($9,500.00)[8], the amount in controversy reflects an amount in controversy of at least $85,000.00 and therefore easily in excess of the jurisdictional threshold of $75,000.00.

When combining Plaintiff Olvera' claims for medical specials ($30,792.55), bad faith and Unfair Claims Practices Act causes of action, and her claim for punitive damages ($30,792.55),[9] interest pursuant to NRS 99.040, as requested by Plaintiff, ($9,000.00[10]), and attorneys' fees of 12.5% ($8,823.00)[11], the amount in controversy reflects an amount in controversy of approximately $80,000.00 and therefore easily in excess of the jurisdictional threshold of $75,000.00.

---

[6] "[P]unitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

[7] This number is to only increase as the days go on.

[8] *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

[9] "[P]unitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

[10] This number is to only increase as the days go on.

[11] *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

In all likelihood, just prosecuting a bad faith action is likely to cost in excess of $75,000.[12] By a preponderance of the evidence, and with all categories of damages alleged taken into account, the Complaint alleges an amount in controversy in excess of $75,000.00.

Hence, the State Court Action may be removed to this Court by USAA GIC in accordance with the provisions of 28 U.S.C. § 1441(a) because: (1) the action is a civil action pending within the jurisdiction of the United States District Court for the District of Nevada; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VII. FILING REMOVAL PAPERS

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been provided simultaneously to Plaintiffs. A copy of this Notice of Removal will be filed with the Clerk of the Second Judicial District Court of Washoe County, Nevada.

WHEREFORE, USAA GIC, hereby removes the above-captioned action from the Second Judicial District Court of Washoe County, Nevada and requests that further proceedings be conducted in this Court as provided by law.

Dated: September 29, 2023.

**SPENCER FANE LLP**

/s/ Mary Bacon

Mary E. Bacon, Esq.
Nevada Bar No. 12686
Jessica E. Chong, Esq.
Nevada Bar No. 13845
300 South Fourth Street, Suite 950
Las Vegas, Nevada 89101
*Attorneys for USAA General Indemnity Company*

[12] *See Cayer v. Vons Companies*, 216CV02387GMNNJK, 2017 WL 3115294, at *2 (D. Nev. July 21, 2017) citing *Pereza v. Progressive Direct Ins.* Co., No. 2:15–cv–77–JCM–VCF, 2015 WL 1549270, at *11 (D. Nev. Apr. 8, 2015) (considering attorneys' fees despite the defendant providing "little support for the amount"). In this case, even if Plaintiff's hourly rate was a conservative $300/hour, Plaintiff's counsel is likely to invest at least 250 hours to prosecute this case through trial, which would equal $75,000.

**CERTIFICATE OF SERVICE**

On September 29, 2023, I certify that a true and correct copy of **NOTICE OF REMOVAL OF ACTION** was filed using the Court's CM/ECF system, which will electronically notify all counsel of record as follows:

Jordan P. Schnitzer, Esq.
The Schnitzer Law Firm
9205 W. Russell Road, Ste. 240
Las Vegas, NV 89148
Jordan@TheSchnitzerLawFirm.com
*Attorney for Plaintiffs*

By: /s/ Adam Miller ________________________
An employee of Spencer Fane LLP