UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT EARL SPEARS, JR., an individual; and GUILLERMO LORENZO OLVERA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY, an unincorporated entity and/or a reciprocal insurance exchange with members residing in the State of Nevada; DOES 1 through 10, and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:23-cv-00481-LRH-CLB<br><br>ORDER |

Plaintiffs Robert Earl Spears, Jr. and Guillermo Lorenzo Olvera initiated this action in the Second Judicial District Court for Washoe County, Nevada on June 7, 2023. Defendant USAA General Indemnity Co. ("USAA") filed a petition for removal (ECF No. 1) on September 29, 2023, asserting diversity jurisdiction. After review of the complaint and Defendant's petition for removal, the Court finds that it requires more evidence to determine whether subject matter jurisdiction exists. Though it appears that the parties are of diverse citizenship,[1] it is not facially apparent from the complaint, nor has Defendant demonstrated, that the amount in controversy exceeds $75,000 exclusive of interest and costs.

///

---

[1] Plaintiffs Robert Earl Spears, Jr. and Guillermo Lorenzo Olvera are citizens of Nevada and USAA is incorporated in Texas and maintains its principal place of business in the State of Texas. ECF No. 1-1 at 1; ECF No. 1 at 3.

1

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

When a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection to removal is made. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). When doing so, the Court construes the removal and jurisdiction statutes strictly and in favor of remanding to state court. *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021). If "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In some cases, diversity jurisdiction is facially apparent from the complaint because the plaintiff claimed a sum greater than $75,000. *See Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013) (quotation omitted). But when it is not facially apparent, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* (quotation omitted).

A defendant's "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy this burden. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *see also Gaus*, 980 F.2d at 566 ("The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . .") (quotation omitted). The defendant must instead show through "the allegations in the complaint and in the notice of removal, as well as summary-judgment type evidence relevant to the amount in controversy," that the amount in controversy exceeds the jurisdictional threshold. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018).

Here, in arguing that the amount in controversy requirement has been satisfied, Defendant relies solely on the allegations in the complaint. However, the Court finds that it is not facially apparent from the complaint that more than $75,000 is in controversy. To the contrary, due to the

vagaries of the allegations in the complaint, the amount in controversy could either be more or less than the jurisdictional threshold. Accordingly, jurisdiction has not been satisfied.

The Court will provide Defendant additional time to present "summary-judgment-type evidence" to prove that the amount of damages Plaintiffs seek will, more likely than not, exceed $75,000 exclusive of interest and costs.

IT IS THEREFORE ORDERED that Defendant is granted twenty (20) days from entry of this Order to establish the minimum amount in controversy for federal jurisdiction. Plaintiffs are granted ten (10) days to file an opposition. No reply is required.

IT IS SO ORDERED.

DATED this 6th day of October, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE